**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

OCT 28 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In re: NEXIUM ESOMEPRAZOLE | No. 14-56845 |
| ------------------------------ | D.C. No.<br>2:12-ml-02404-DSF-SS |
| SUSAN ORRELL, et al., | |
| Plaintiffs-Appellants, | MEMORANDUM[*] |
| v. | |
| ASTRAZENECA PHARMACEUTICALS<br>LP, et al., | |
| Defendants-Appellees. | |

| | |
|---|---|
| In re: NEXIUM ESOMEPRAZOLE, | No. 15-56484 |
| ------------------------------ | D.C. No.<br>2:12-ml-02404-DSF-SS |
| JANICE ALLEN, et al., | |
| Plaintiffs-Appellants, | |
| v. | |
| ASTRAZENECA PHARMACEUTICALS<br>LP, et al., | |

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendants-Appellees.

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted October 20, 2016[**]
Pasadena, California

Before: TALLMAN, PARKER,[***] and CHRISTEN, Circuit Judges.

Plaintiffs in this MDL proceeding filed product liability claims against AstraZeneca alleging that the drug Nexium caused plaintiffs' reduced bone mineral density and related fractures. Nexium is an FDA-approved medication marketed and sold by AstraZeneca. Nexium belongs to a class of drugs called proton-pump inhibitors (PPIs), which "work by reducing the amount of acid in the stomach." The plaintiffs designated orthopedic surgeon Dr. Sonny Bal as their general-causation expert, produced his expert report, and made him available for a deposition. The plaintiffs offered no other general-causation evidence. The defendants moved to exclude Dr. Bal's testimony and for summary judgment.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

The district court ruled Dr. Bal's testimony did not satisfy the standard required by Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and granted summary judgment for the defendants. The district court denied plaintiffs' motion to be relieved entirely from costs under Federal Rule of Civil Procedure 54(d)(1). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. "We review the district court's decision to exclude expert scientific testimony for abuse of discretion, even in the context of a summary judgment motion." *Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1227 (9th Cir. 1998) (citing *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)). "Establishing that an expert's proffered testimony grows out of pre-litigation research or that the expert's research has been subjected to peer review are the two principal ways the proponent of expert testimony can show that the evidence satisfies the [reliability] prong of Rule 702." *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1318 (9th Cir. 1995). "[I]f these guarantees of reliability are not satisfied, the expert 'must explain precisely how he went about reaching his conclusions and point to some objective source to show that he has followed the scientific method, as it is practiced by (at least) a recognized minority of scientists in his field.'" *Lust ex rel.*

*Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996) (internal alterations omitted) (quoting *Daubert*, 43 F.3d at 1319).

Dr. Bal formed his general-causation opinion for the purposes of this litigation and his causal theory was not subjected to peer review. In order to serve as an expert in this case, Dr. Bal reviewed thirteen references. In his three-page expert report, Dr. Bal discussed the materials he reviewed and explained his opinion that there are three ways in which PPI use could contribute to an increased fracture risk. But Dr. Bal did not adequately explain how he inferred a causal relationship from epidemiological studies that did not come to such a conclusion themselves. "When a scientist claims to rely on a method practiced by most scientists, yet presents conclusions that are shared by no other scientist, the district court should be wary that the method has not been faithfully applied." *Lust*, 89 F.3d at 598.

At best, Dr. Bal analyzed three of the nine Bradford Hill factors that guide scientists in drawing causal conclusions from epidemiological studies. *See Milward v. Acuity Specialty Prods. Grp., Inc.*, 639 F.3d 11, 17 (1st Cir. 2011) (citing Arthur Bradford Hill, *The Environment and Disease: Association or Causation?*, 58 PROC. ROYAL SOC'Y MED. 295 (1965)). We agree with the district court that Dr. Bal's analysis of the factors he did discuss was "extremely thin."

For example, at his deposition, Dr. Bal explained "a causal relationship can be inferred because of a number of studies that seem to point the same way." But Dr. Bal admitted that the meta-analyses he relied on found "significant heterogeneity among the studies that they pooled," indicating that the underlying studies "are all over the map." Dr. Bal also acknowledged that one of the meta-analyses he relied on warned that its results must be interpreted with "caution" in part because of this heterogeneity. Dr. Bal did not explain how he came to a different conclusion than the studies' authors, or how this heterogeneity affected his causal conclusion.

The district court did not abuse its discretion in excluding Dr. Bal's testimony as unreliable. Because the district court properly excluded this testimony, and the plaintiffs offered no other evidence on general causation, the district court correctly granted summary judgment to the defendants.

2. We also review the district court's award of costs for abuse of discretion. *Miles v. California*, 320 F.3d 986, 988 (9th Cir. 2003). Federal Rule of Civil Procedure 54(d)(1) "creates a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003). Only "in the rare occasion where severe injustice will result from an award of costs" does a district court abuse its discretion "by failing to conclude that the presumption has been

5

rebutted." *Id.* at 945. This is not such a case. The district court did not abuse its discretion in awarding costs to the defendants as prevailing parties under Rule 54(d)(1).

Costs of this appeal shall be awarded to the appellees.

**AFFIRMED.**